UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

KIMBERLY G. REED                                                                PLAINTIFF

v.                                                        CIVIL ACTION NO. 3:13CV774-S

MIDLAND FUNDING, LLC                                                       DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Midland Funding, LLC, to dismiss the action for failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6). The plaintiff has not responded to the motion.

The plaintiff, Kimberly G. Reed, filed this action in the Jefferson County, Kentucky, District Court, Division 1. Midland Funding removed the action under our federal question jurisdiction.

The complaint alleges that Midland Funding's "acts and/or omissions detailed herein constitute multiple violations of the Fair Debt Collection Practices Act," ("FDCPA") (Count I), and "constitute multiple violations of the Fair Credit Reporting Act," ("FCRA") (Count II). The "acts and/or omissions detailed" in the complaint are alleged as follows:

    (a) Midland Funding purchased the charged off debt of Ms. Reed's consumer credit card.

    (b) Midland Funding added charges and interest to the account without a contractual and/or statutory right to do so.

    (c) Midland Funding retroactively added charges and interest for the time period between when the debt was charged off by Citibank and prior to when the debt was purchased by Midland Funding.

    (d) Midland Funding reported negative information to the major credit

reporting agencies regarding this account, including falsely reporting the size of the debt.

(e) Midland Funding sent dunning letters to Reed which did not identify the original amount of the debt.

(f) Midland Funding did not ward Reed that it might or that it had reported negative information.

Compl., ¶¶ 8-14.[1]

Midland Funding urges that the complaint fails to meet the federal pleading requirements articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In considering a motion to dismiss, the court must "accept all well-pled factual allegations as true." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 527 (6th Cir. 2007). To survive a motion to dismiss, the "complaint must contain either direct or inferential allegations respecting all material elements" of the claim. *In re Travel Agent Comm'n Antitrust Litig.,* 583 F.3d 896, 902 (6th Cir. 2009). To quote *Iqbal*, 556 U.S. at 678, Rule 8 requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."

Reed alleged that Midland Funding purchased her credit card debt, added charges and interest to the balance, and reported negative information on the inflated amount to the credit reporting agencies. She claims that the defendant violated the FDCPA, 15 U.S.C. § 1692f(1) by seeking money it was not entitled to, and the FCRA, 15 U.S.C. §§ 1681s-2(a)(1)(A) and 2(a)(7) by falsely reporting the size of the debt and failing to provide Reed with notice that it may report or had reported negative information to a credit reporting agency.

The complaint does not contain the necessary factual prerequisites to "state a claim to relief

---

[1] Reed filed a nearly identical lawsuit in the Jefferson Circuit court simultaneously with the filing of the complaint herein relating to a different credit card debt which was also purchased. That action has also been removed to this court. Dismissal is sought in that matter also.

that is plausible on its face" for violation of the Fair Credit Reporting Act ("FCRA"). *Twombly*, 550 U.S. at 570.

First, no private cause of action exists for failure of a furnisher of credit to provide accurate information or to provide notice to the consumer pursuant to 1681s-2(a)(1)(A); 1681s-2(a)(7). *Iacono v. Sallie Mae, Inc.*, 2012 WL 2522426 (W.D.Ky. June 28, 2012), *citing, e.g., Huertas v. Galaxy Asset Mgmt.,* 641 F.3d 28, 34 (3d Cir. 2011). Additionally, as the substantive claims for violation of the FCRA are not viable, the punitive damages claim for willful noncompliance under with 15 U.S.C. § 1681n(a)(2) must also be dismissed.

Midland Funding has not moved for dismissal of the claim brought under the Fair Debt Collection Practices Act.

As noted, the plaintiff has failed to respond to the motion. Therefore, the court having found the claims for violation of the Fair Credit Reporting Act deficient, they must be dismissed for failure to state a claim upon which relief may be granted. A separate order will be entered this date in accordance with this opinion.

**IT IS SO ORDERED.**

October 23, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**